FARMER, Judge,
dissenting.
If you ask me whether the collective bargaining agreement provided for arbitration of the amount of back pay when a member of the bargaining unit has been found improper *1103 ly discharged, I should unhesitatingly answer that it did. If, however, you ask me whether in this case the parties asked the arbitrator to determine back pay if he should find that the discharge was wrongful, then I should answer that it is not clear to me from this record whether they did. On the contrary, there is some evidence that they instead opted for a piecemeal arbitration of atomized issues seriatim.[1]
What is clear to me is that Behan argued to the arbitrator that if he determined that the discharge was wrongful, his decision would ipso facto mean that Behan was entitled to back pay. The arbitrator’s decision is silent on the subject, but here silence is not a negation. It is also clear to me that the city withdrew its motion for the appointment of a successor arbitrator to decide the back pay issue.[2]
I vote to affirm on the theory that the city has simply failed to show me that any claimed error, in which it did not acquiesce, clearly occurred.

. If the arguments of the city are to be believed, they may have agreed that the arbitrator would first decide the discharge issue. If Behan prevailed, the parties would then seek an order from the court confirming that part of the award. Upon entry of the order of confirmation, they would then all troop off to the arbitrator again and have him similarly determine the remedy. If he ruled that reinstatement was proper, they would return to court for an order confirming that relief. Upon confirmation of reinstatement, they would all go back to the arbitrator a third time for a determination of the back pay issue. If that is indeed what these parties did, their agreed procedure might have yet unearthed the particle smaller than the quark.

. Frankly, I do not understand why the city’s withdrawal of its request for a new arbitrator should not effectually be deemed an abandonment of the arbitral/judicial merry-go-round that it contends the parties earlier agreed to.